Good morning, Judge Ferris and I are very pleased to have with us today from the Eastern District of Pennsylvania, Judge Wehner. Judge Wehner, welcome. Thank you for coming to help us out. We're going to call the cases off the calendar in a different order. Counsel have been so notified. We'll start with Ramon Quinones-Saucedo v. John Ashcroft. May it please the Court, my name is Jesse Lloyd, Petitioner of Ramon Quinones-Saucedo. Before we begin, I'd like to request two minutes for rebuttal. Keep your own time. Thank you very much. When Mr. Quinones-Saucedo was convicted in January of 1996, the fact that his conviction was attained through a trial by jury as opposed to a guilty plea had absolutely no effect on his immigration position. Notably, his immigration position at that time as his conviction did not render him deportable. It did not make him an aggravated felon. And even if he had been an aggravated felon, he could have sought relief under then Section INA 212C. Why isn't this case controlled by our opinion in Armendariz? Well, Your Honor, I would ask that the opinion in Armendariz, Montoya v. Sanchek, be limited to very narrow holdings, especially because much of the underlying authority for it has actually been subsequently overruled by Toya. Specifically, in Armendariz, Montoya v. Sanchek, the Court had held that the petitioner in that case had not demonstrated a reliance on the prior law. As such, he was not afforded essentially the per se finding of reliance and by extension retroactivity in Sanchear. Our case is distinguishable in the sense that unlike the petitioner in Montoya, Armendariz, Montoya, our client is specifically alleging reliance on the prior law. Secondarily, Armendariz, Montoya does not address whether or not it is possible to show retroactivity through avenues other than simply reasonable reliance. It simply says that in this case, unlike in Sanchear, there is no essentially per se finding of reliance and by extension retroactivity. We would ask that the Court look at ---- You're saying that reliance is the key? In Armendariz, Montoya, yes. In terms of whether there is a retroactive effect on the law, no. What's the reliance in your client's situation? Well, and this is something that had been ---- Our client had chosen, in fact, had turned down a plea offer with the understanding that were he to be convicted of the crime of which he was being charged and which he ultimately was convicted, he would nonetheless be able to seek ---- he would not only be not deportable, but even if he was, he would be able to seek relief under INA 212C, an option which, according to the Court, the government's application of the law ---- In other words, he proceeded as he did with a frame of mind that he'd be able to seek this relief? That he would not be deportable and if by extension he would be able to if ---- This was his conscious, knowing state of mind? That was his attorney's and at this point we are also seeking ---- And how do we know that? Well, we ---- twofold, Your Honor. One is we do have a letter from his prior attorney indicating as much. And secondarily, we are at this point merely seeking the opportunity, if necessary, to demonstrate that fact. As the government is applying the law, he doesn't even have the opportunity to demonstrate that. In prior pre-sincere cases, for example, Magana-Pisano, this Court has allowed petitioners the opportunity at an evidentiary hearing to demonstrate that they had relied on the state of the law at the time. We simply would ask for that at this point rather than the wholesale determination that there cannot be a retroactive effect if somebody went ---- was convicted at jury trial as opposed to a plea. And if given the opportunity, what would you try to demonstrate? We would try to demonstrate that the trial attorney ---- excuse me, his criminal attorney had investigated the criminal consequences of his conviction. As such, had come to the conclusion that he was not likely to be convicted of an offense or receive a sentence which would preclude ---- which would render him deportable or by extension without any deportation defenses. As such, he chose to go ahead to trial. Why don't we hear from the other side and we'll give you an opportunity to respond. We understand your position. Good morning, Your Honor. I'm going to introduce the Court and for the whole time I have, I'll be telling you what I have. Just last year, this Court decided the very issue that's presented in this case. In that case, we have the Torment of Reuben Montoya. In that case, the Court held that the application of the statute would bar Section 212C relief when the alien who was eligible for such relief at the time of his conviction, if the alien went to trial as opposed to pleading guilty for symptoms of a particular illness that did not constitute an impermissible retroactive effect. The only conceivable distinction between that case and this case is that that case was resolved under the APTA. This case involves a riot. But that distinction is not important and the Petitioner concedes as much in this brief because both statutes essentially bar Section 212C relief for aggravated felony. The retroactivity analysis is the same in both cases. So if his client doesn't misunderstand the situation, whether he conceded it or not, the fact would be there and it made no difference. He didn't concede to the thing that would have hit his client. Well, I think getting to that point, the Petitioner is saying that at the time of his plea, he had some reasonable assurance that he was eligible for Section 212C relief at the time he chose to go to trial. But as my brief points out, he was facing a potential prison term of in excess of five years. So any belief he had that he would be eligible for Section 212C relief was unreasonable. He was facing a term of more than five years. He had no indication that the court would impose a term of less than five years. In fact, he did get a term of less than five years, but he had no guarantee of that. And going to trial, he rolled the dice. As this panel knows, it's bound by Armendariz-Montoya, unless there has been an intervening Supreme Court decision which underlines the holding of Armendariz-Montoya. There has not been. Armendariz-Montoya was decided after St. Cyr. It was decided after they had used aircraft changing conditions in Hawaii. Armendariz-Montoya went through the Landgraf Retroactivity Analysis to distinguish St. Cyr and arrive at the conclusion which is adverse to the law. What does St. Cyr stand for? St. Cyr stands for the proposition that it would be unfair to apply the to an alien who gave up the constitutional right to go to trial with a reasonable assurance, a reasonable reliance on the fact that I at some point down the line would be eligible for Section 240. The defendant engaged in a quick pro-flawless government. The government obtained the benefit of not having to expend federal resources, got an immediate conviction. The defendant obtained the assurance that I received a sentence for less than five years. Even if I committed an aggravated felony, at some point I would be eligible for Section 240. Here, the defendant cannot show that. The defendant holds the dice. Went to trial. Did not give up any funds, particularly over the trial. The amble of that, I will be convicted of this offense and I will be deportable and be lost. So, St. Cyr could have said anybody who went to trial and was convicted of an aggravated felony prior to the effective date of the APTA or FIRA is still eligible for Section 240. Since you didn't hold this, since you were a parent, you could have said because defendants give up rights in this quick pro-flaw relationship that they have with the government when they enter into a plea agreement, those defendants are still entitled to Section 240. Is that the key, giving up rights? That is the key. That's the reason why there are licenses. They're key components of a retroactive legal process. And every – there's no basis, there's no reason in my mind to reconsider our members' monthly – even if the panel could do that because every circuit that has considered this issue has resolved the issue against the petitioner in the exact same way that the court resolved our members' monthly. And even, you know, just getting to the petitioner's point about how the analysis, the retroactivity analysis in Hughes should be applied. Hughes is not a new case. Hughes was in existence at the time of St. Cyr. St. Cyr cited Hughes. Hughes himself recognizes that there are different formulations of the retroactivity analysis and that no one consideration is important. But even under Hughes, the key in Hughes is, did the defendant have reasonable assurance that – reasonable assurance as to the state of the law in making the decision? And in this case, as I called out Judge Harris, at the time he proceeded the trial, he was facing a term in excess of five years. So he did not or should not have had a reasonable assurance that he was going to be eligible for Section 240. If he has to be in a different claim, it seems like there's an allegation that his counsel during the criminal proceedings is ineffective. That's an entirely different claim. That's not before this Court. Thank you, Counsel. That's very clearly and succinctly stated. It's your opportunity now to tell us why that's not right. Thank you, Your Honor. First, I'd like to address the contention that he could not have reasonably relied upon the availability of 212C relief because he was potentially facing a sentence of six years. It's important to recognize we are seeking the opportunity to demonstrate that he could. He had an experienced attorney. We actually have made no allegations of ineffective assistance of counsel of his prior attorney. We're merely seeking the opportunity to demonstrate that, in his experience, he thought that it would be possible and, beyond that, likely that he would receive a sentence for which he would not be deportable. It's also very important to recognize that he would have faced an aggravated felony for which he could not have received 212C relief if he had served five years, not merely if he had been sentenced to five years. That notwithstanding, what about what counsel says about St. Cyr? It really turns on having given up rights in some kind of a reliance, and here we don't have that at all. Well, it's important to look at what St. Cyr says. First, it indicates that the elimination of 212C is not to be applied retroactively. It then goes on to state a number of factors which are crucial to a retroactivity analysis, but not all of which are necessary in an individual case. Reasonable reliance, fair notice, disturbing previously vested rights, providing new legal impairments to prior conduct, and, of course, reasonable reliance on the state of the law at the time. It then takes reasonable reliance, finds that that was true in St. Cyr's case and presumably in the case of anyone else who would have pled at that point, and then says, well, they have reasonable reliance, by extension they would have suffered a retroactive effect of the law, which is per se impermissible under the proper rating of the statute. It does not say that reasonable reliance is the only mechanism with which to find a retroactive effect of the law. I hear the other side saying there, under no circumstances could we regard this reliance as reasonable based on the jaws of the trial that were awaiting your client. Well, Your Honor, to go back to what we were saying before, even if he had been sentenced to six years, under the sentencing guidelines, he could have served four or less, as indicated in our brief. And it's important to recognize... I could have, would have, should have. That doesn't make it reasonable, does it? You're rolling the dice at best. Well, it would have been. We're merely seeking the opportunity to explain that it would be reasonable, Your Honor. He had an experienced criminal attorney who, in his opinion, and it's important to recognize he was, in fact, sentenced to three years. There's definitely some validity to his underlying belief that he would be able to get our client less than, have him serve less than five years. And at this point, again, we're merely seeking the opportunity to present that to the district court. Do you have anything else? We understand your case. Just one brief addition, Your Honor. The government has said that there's no legal consequence to deciding to go to trial over taking a plea. It's important to recognize that Sincere is ultimately a case of statutory construction, which mandates the properly read, the statutes eliminating 212C do not apply to those who pled guilty to offenses for which they would qualify prior to the elimination of that relief. Under the government's interpretation, that statute by necessity would mandate a distinction between going to trial and taking a plea. That, of course, as our client, who actually has been removed, his case demonstrates there's a tremendous legal consequence to that decision, which was imposed subsequent to his decision to go to trial. Thank you, counsel. The case just argued is ordered submitted. We appreciate your help. We will get you a decision as soon as we can. And we'll call the next case, which is United States v. Sproul. Thank you.
judges: Farris, Trott, Weiner